IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHAWN D. PRIVRATSKY,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | Case No. 21-cv-00390-DKW-KJM<br><br>**ORDER (1) DENYING PRIVRATSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (2) GRANTING IN PART AND DENYING IN PART LIBERTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## INTRODUCTION

This case involves an insurance dispute over damage to Plaintiff Shawn D. Privratsky's home and personal property. Both Privratsky and Defendant Liberty Mutual Fire Insurance Company now move for partial summary judgment, principally, on the *cause* of said damage. According to Privratsky, the damage was caused by an "outlier" or "nearby" lightning strike, which, he contends, means that the damages he suffered are covered under his insurance policy with Liberty. Liberty, for its part, offers multiple potential causes, including a "temporary over-voltage" event of an "outback inverter" system. In addition, Liberty asserts that, at the very least, there is no evidence that the damage was caused by lightning.

Having reviewed the parties' briefing and evidence, it is not possible for the Court to resolve the principal dispute between them at the summary judgment

stage of this litigation. The reason is straightforward: there is a genuine issue of material fact concerning what caused the damage at issue here. And, when that is the case, summary judgment simply is not warranted. Therefore, Privratsky's motion for partial summary judgment, Dkt. No. 132, which solely moves on the issue of causation, is DENIED, as is Liberty's request for similar relief. Liberty also moves for summary judgment on Privratsky's claim of bad faith and with respect to various categories of damages. With respect to the claim of bad faith and punitive damages, the Court disagrees that Liberty is entitled to summary judgment on those matters. However, the undisputed evidence reflects that Privratsky has not suffered any damages for "loss of use" as set forth in the insurance policy. As a result, for the reasons discussed more fully below, Liberty's motion for partial summary judgment, Dkt. No. 134, is GRANTED IN PART and DENIED IN PART.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on

which the non-moving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In contrast, when the moving party bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted…." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). This means that the movant "must establish beyond controversy every essential element" of its claim. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (quotation omitted). In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## **RELEVANT PROCEDURAL BACKGROUND**

Privratsky initiated this lawsuit with the filing of a Complaint against Liberty on September 16, 2021. Dkt. No. 1. Privratsky alleges that, on December 26, 2019, his home was struck by lightning that caused an electrical surge, resulting in "significant" damage to the home and personal property. *Id*. at ¶ 12. He further alleges that, after submitting an insurance claim to Liberty and Liberty "initially" agreeing to reimburse him, Liberty did not reimburse him for "most" of the damage. *Id*. at ¶¶ 15-16. The Complaint alleged three causes of action: (1) declaratory judgment that Privratsky's losses were covered by the

insurance policy issued to him by Liberty; (2) bad faith; and (3) conversion of Privratsky's personal property, namely, his damaged gate operator.[1]

On January 27, 2023, both Privratsky and Liberty filed motions for partial summary judgment. Dkt. Nos. 132, 134. Privratsky argues that he is entitled to judgment on his declaratory relief claim because his experts have established that lightning caused damage to his home and personal property, and Liberty has failed to provide a "coherent" alternative explanation for his loss. Liberty argues that it is entitled to judgment on the same claim because there is no evidence lightning struck Privratsky's property, and there are alternative explanations for the damage at issue here. Liberty also argues that it is entitled to judgment on Privratsky's bad faith claim and his requests for various categories of damages. On February 22, 2023, the parties filed their oppositions to the motions for partial summary judgment, Dkt. No. 153, 155, and, on March 1, 2023, they filed replies, Dkt. Nos. 168, 170. The parties have also filed concise statements of fact. Dkt. Nos. 133, 135, 154, 156, 169, 171.

This Order now follows.

---

[1] On October 27, 2022, the Court granted summary judgment in Privratsky's favor on his claim of conversion against Liberty. Dkt. No. 88.

## **DISCUSSION**

Ordinarily, before engaging in an analysis of the parties' summary judgment arguments, the Court sifts through the parties' factual statements and sets forth the undisputed facts. Here, though, there is little rational need to do this. As more fully explained below, this is because the parties dispute the very thing for which they seek summary judgment: the cause of the damage to Privratsky's home and personal property.[2]

On one hand, Privratsky has submitted the reports of two experts, which, collectively, state that meteorological conditions at the time in question were "conducive" to lightning, and the damage Privratsky sustained is "entirely consistent" with "nearby" lightning. 11/18/22 Report of Dr. Carlos Mata at 16, Dkt. No. 133-13; 11/17/22 Report of Professor Steven Businger at 10, Dkt. No. 133-11. In addition, there is no dispute, and the insurance policy reflects, that, if lightning caused damage to Privratsky's home or personal property, the damage is covered under the policy. *See* 10/16/19-10/16/20 LibertyGuard Deluxe Homeowners Policy at 5-7 (failing to list lightning as an excluded risk under Coverages A and B and listing "lightning" as a covered risk under Coverage C),

---

[2]It is, thus, unnecessary to discuss the many other factual disputes between the parties for purposes of the instant motions.

Dkt. No. 133-16.  Therefore, when the evidence is viewed in his favor, Privratsky has met his burden of establishing that his losses, if any, are covered under the terms of the policy.  *See Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawaii, Ltd.*, 875 P.2d 894, 909 n.13 (Haw. 1994) (explaining that "the insured has the burden to prove that a loss is covered under the terms of the insurance policy.").

Liberty's arguments to the contrary all miss the mark.  First, Liberty contends that, "in order to prove that a lightning strike occurred, Privratsky must adduce physical evidence of such a strike on his property."  Dkt. No. 155 at 6. The evidence to which Liberty cites for this proposition flatly contradicts the same, however, given that Dr. Mata contends that the damage Privratsky sustained is entirely consistent with a "*nearby*" lightning strike, rather than a direct strike.  *See* Liberty's Response to Privratsky's Concise Statement of Facts at ¶ 68, Dkt. No. 156; Mata Report at 16 (emphasis added).  Second, Liberty contends that there are "equally if not more consistent" reasons for the damage other than lightning.  Dkt. No. 155 at 5, 9-11.  This argument, even if accurate, however, proves the point as to why *summary judgment* is not warranted here: simply because Liberty believes that there are more plausible explanations for the damage does not mean that a jury will not agree with Privratsky's explanation.  In fact, Liberty itself agrees with this

6

principle. *See id*. at 10 ("it is clear that there is at least a genuine issue of material fact as to the cause of the damage….").

Liberty's motion, too, identifies disputed issues of causation. For example, Liberty relies upon the report of Todd Pealock for the proposition that a "temporary over-voltage" event produced by an "Outback inverter" system installed at Privratsky's property caused the damage at issue here. Dkt. No. 155 at 9-10 (citing 1/19/23 Report of Todd Pealock at 39, Dkt. No. 156-16). Liberty also relies upon the report of Dr. Mark Yocke who contends that an "outlier" lightning strike did not occur at the time in question. 1/20/23 Report of Dr. Mark Yocke at 34, Dkt. No. 156-6. In other words, Pealock and Yocke *dispute* the opinions of Privratsky's experts, rendering summary judgment inappropriate. Privratsky appears to agree. In his reply, Privratsky states that he has established "by a preponderance of the evidence" that lightning was "more likely than not" the cause of his alleged damages. Dkt. No. 168 at 1, 4. Whether Privratsky has established the cause of his alleged damages by a preponderance of the evidence is entirely irrelevant at *summary judgment* because that is the standard for a civil *trial*. In contrast, the relevant standard here is whether the cause of Privratsky's alleged damages is *undisputed*. As the foregoing discussion reflects, that is simply not the case, therefore, entitling *neither* party to summary judgment on the issue of

causation.[34]  As a result, both motions for partial summary judgment are DENIED on the issue of causation.

This leaves Liberty's additional arguments for summary judgment with respect to the claim of bad faith and damages.  First, for similar reasons to those already discussed, Liberty is not entitled to summary judgment on Privratsky's claim of bad faith.  Specifically, although Liberty contends that there is "at least a genuine dispute" on the issue of causation, that is only when the evidence is viewed in the light most favorable to the parties.  In other words, a jury may entirely reject Liberty's contention that Privratsky's alleged damages were not caused by lightning and find that there is no genuine dispute of fact on this issue. While that is not a position the Court can take at summary judgment, it is certainly one the jury can take, if it so chooses.  Moreover, as Liberty acknowledges, the

---

[3]Privratsky's other arguments to the contrary are unavailing, at least at this juncture. Essentially, Privratsky's other arguments in this regard contend that Pealock and Yocke's opinions should be excluded or are premised upon inadmissible evidence.  See Dkt. No. 168 at 5-12.  On the current record, however, the Court is in no position to entirely exclude any expert opinion.  Notably, no motion to exclude any expert opinion has been filed in this action and, thus, the Court does not consider these issues to have been properly presented.  See, e.g., Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-595 (1993) (explaining the factors to be considered in weighing the admissibility of expert testimony); Fed.R.Evid. 702.

[4]In a brief paragraph at the conclusion of his reply, Privratsky also contends that, even if damage to his property was caused by a "surge from his PV [photovoltaic] systems," it is covered under the insurance policy.  Dkt. No. 168 at 14-15 & n.11.  This argument, which appears premised not upon any legal analysis of the insurance policy, but a comment in Liberty's "claims notes", see Dkt. No. 154-1 at ¶ 12; Dkt. No. 154-12, is simply insufficiently presented for the Court to make any ruling on the same.  Therefore, it is not further considered herein.

relevant question with respect to the bad faith claim is reasonableness. Dkt. No. 170 at 8-9. That is a quintessential jury question, and nothing presented to the Court in connection with the instant motions would suggest that it should be taken away from the jury here. *See Willis v. Swain*, 304 P.3d 619, 637 (Haw. 2013) (explaining that "reasonableness can only constitute a question of law suitable for summary judgment when the facts are undisputed and not fairly susceptible of divergent inferences…") (quotations omitted).[5]

Liberty also argues that it is entitled to summary judgment with respect to various categories of compensatory damages Privratsky allegedly suffered. Dkt. No. 134-1 at 26-27; Dkt. No. 170 at 12-16. First, Liberty contends that Privratsky is not entitled to "repair/replacement costs" if he did not make repairs to his property. Dkt. No. 134-1 at 26. In response, Privratsky argues that he is entitled, under Coverages A and B of the insurance policy, to the "actual cash value of the damage" and, for personal property, which he states is "the subject of this action," to "the actual cash value at the time of loss." Dkt. No. 153 at 22-23. Having reviewed the parties' arguments in this regard, the insurance policy, and relevant

---

[5]Liberty similarly argues that punitive damages should not go to the jury because there is a "debatable question" regarding causation. Dkt. No. 134-1 at 25-26.. As discussed, a jury may not agree that causation was questionable and, therefore, Liberty is not entitled to summary judgment with respect to punitive damages.

case law, the Court is not in a position to award summary judgment. Notably, the Court is entirely unaware of how Privratsky intends to prove his damages in this case. The Court is, thus, not able to determine whether "actual cash value" or "repair/replacement costs" is at issue. The Court can, however, provide the following guidance on this matter. As the parties appear to acknowledge in their own ways, the insurance policy is clear as to the settlement of losses thereunder: for "[p]ersonal property," "at *actual cash value at the time of loss*"; and, for "buildings under Coverage A or B[,]" "no more than the *actual cash value of the damage* unless [] actual repair or replacement is complete[.]" 10/16/19-10/16/20 LibertyGuard Deluxe Homeowners Policy at 8-9 (emphasis added). Further, the Court agrees with Liberty to the extent that these clauses mean that Privratsky is only entitled to the actual cash value of the damage or the actual cash value at the time of loss−he is **not** entitled to damages for the cost to *repair or replace* any building, unless he actually repaired or replaced the same. *See Hess v. N. Pac. Ins. Co.*, 859 P.2d 586, 589-590 (Wash. 1993) (discussing cases and holding, in the context of substantively identical policy language, that "only the actual cash value is owed unless actual repair or replacement is undertaken and completed."); *see also In re Taxes Bishop Estate*, 33 Haw. 149, 152 (1934) (explaining that "actual cash value" is "synonymous" with "market value" and "means such a price as a

capable and diligent business man could presently obtain for the property.") (quotation omitted); *United Truck Rental Equip. Leasing, Inc. v. Kleenco Corp.*, 929 P.2d 99, 106 n.12 (Haw. Ct. App. 1996) (citing Black's Law Dictionary and noting that "[a]ctual cash value is considered synonymous with fair market value."). Therefore, should this case continue to trial, in order to establish damages resulting from any loss covered by the insurance policy, Privratsky will need to present evidence showing the actual cash value of his alleged damage. He will **not** be permitted to use *estimates* to repair or replace said damage, or anything of a similar ilk, to meet this burden.[6]

Next, Liberty argues that Privratsky is not entitled to $922,611 in alleged "diminution in value" damages resulting from the recent sale of his home. Dkt. No. 170 at 12-13. Among other things, Liberty argues that Privratsky has presented no evidence to support said damages. The Court agrees to the extent that there is simply no meaningful evidence to support the alleged diminution in value to Privratsky's home. Notably, the only support for the alleged diminution

---

[6]There is at least one other potential matter of note in this respect. In his opposition, Privratsky states that "the subject of this action" is "personal property…." Dkt. No. 153 at 23. Prior to trial, specifically in his pretrial statement and trial brief, Privratsky shall clarify whether the above-quoted statement is intended to mean that personal property, which is subject to Coverage C, is the *sole* subject of Privratsky's claim for damages under the insurance policy or whether it is intended to mean that personal property is *one* of the subjects of said claim, with Coverages A and B also remaining in play.

11

is a statement from Privratsky that his "best estimate" for the "discount" he sold his property was roughly $922,611.  Privratsky's Opposition to Liberty's Concise Statement of Facts at ¶38, Dkt. No. 154 (citing 2//22/23 Decl. of Shawn Privratsky at ¶ 13, Dkt. No. 154-13).  Alone, however, Privratsky's bald estimation of the alleged diminution is not evidence of the same, particularly given that Privratsky provides no explanation for how he came to the number of $922,611, nor how he is qualified to do so.  Therefore, because Privratsky has failed to provide any evidence in this regard, he is not entitled to seek damages for the alleged diminution in value in the sale of his property, and Liberty's motion for partial summary judgment is GRANTED to that extent.

Finally, Liberty argues that, under the terms of the insurance policy, Privratsky has failed to show an entitlement to "loss of use" damages because there is no evidence that he was "displaced" from his property.  Dkt. No. 170 at 15-16.  The Court agrees.  First, the language of the policy is clear: Privratsky is entitled to "loss of use" damages when "a loss covered under this Section makes that part of the residence premises where you reside *not fit to live in*…."  10/16/19-10/16/20 LibertyGuard Deluxe Homeowners Policy at 3 (emphasis added).  Therefore, in order for Privratsky to be entitled to "loss of use" damages here, he must present evidence that his residence, or at least a portion of it, was not fit to

live in. Second, in his opposition brief, Privratsky fails to address this argument from Liberty. *See generally* Dkt. No. 153 at 22-24. Third, in his opposition to Liberty's concise statement of facts, Privratsky denies Liberty's statement that he was not displaced from his property, citing only a paragraph in his accompanying declaration. Dkt. No. 154 at ¶ 42. In that paragraph, Privratsky states only that he *sold* his home in part because Liberty "refused to make necessary repairs…." Privratsky Decl. at ¶ 5. That statement, even if true, though, does not establish the fact that, while Privratsky owned the property, any portion of his residence was not fit to live in. Any such assertion is, instead, noticeably absent. Therefore, because Privratsky has failed to provide any evidence that his residence was rendered "not fit to live in" as a result of any loss he may have suffered, he is not entitled to seek "loss of use" damages in this action, and Liberty's motion for partial summary judgment is GRANTED to that extent.

//

//

//

## CONCLUSION

For the reasons set forth herein, the Court (1) DENIES Privratsky's motion for partial summary judgment, Dkt. No. 132, and (2) GRANTS IN PART and DENIES IN PART Liberty's motion for partial summary judgment, Dkt. No. 134.

IT IS SO ORDERED.

DATED: March 20, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Shawn D. Privratsky v. Liberty Mutual Fire Insurance Company*; Civil No. 21-00390 DKW-KJM; **ORDER (1) DENYING PRIVRATSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (2) GRANTING IN PART AND DENYING IN PART LIBERTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**