IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 31, 2023
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| SHAWN D. PRIVRATSKY,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | CIV. NO. 21-00390 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S BILL OF COSTS |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
LIBERTY MUTUAL FIRE INSURANCE COMPANY'S BILL OF COSTS**

Before the Court is Defendant Liberty Mutual Fire Insurance Company's ("Defendant") *Bill of Costs* ("Bill of Costs"), filed on June 30, 2023. ECF No. 361. Defendant seeks costs in the amount of $80,069.86. *Id*. at PageID.8847. On June 30, 2023, Defendant filed an *Errata Re Dkt Nos. 361-6, 361-7, 361-8, and 361-9 to [Defendant's] Exhibits D1-D4* ("Errata"). ECF No. 362. On July 7, 2023, Plaintiff Shawn D. Privratsky ("Plaintiff") filed *Objections to Liberty Mutual's Bill of Costs* ("Objections"). ECF No. 363.

The Court elects to decide the *Bill of Costs* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rule" or "LR"). After careful consideration of the

*Bill of Costs*, *Objections*, records in this case and applicable law, the Court **DENIES** Defendant's request to tax costs.

## BACKGROUND

This case commenced on September 16, 2021 and arose from the dispute between the parties regarding alleged damages to Plaintiff's home and personal property. ECF No. 1. Defendant is the insurer of Plaintiff's home, and the parties dispute Defendant's obligations under the insurance policy. *Id*. Plaintiff brought three claims against the Defendant: (1) seeking declaratory judgment that Plaintiff's losses were covered by the insurance policy issued to him by the Defendant ("Count I"); (2) breach of the implied covenant of good faith and fair dealing ("Count II"); and (3) conversion ("Count III").

On September 2, 2022, Plaintiff filed a *Motion for Partial Summary Judgment as to Count III of the Complaint for Conversion* ("Plaintiff's First Motion"). ECF No. 55. Defendant filed a *Counter Motion for Partial Summary Judgment* ("Defendant's Counter Motion") on September 23, 2022. ECF No. 65. On October 27, 2022, the district court issued its order and granted *Plaintiff's First Motion* and denied *Defendant's Counter Motion*. ECF No. 88. The district court found that Plaintiff was entitled to summary judgment with respect to Count III, conversion. *Id*.

On January 27, 2023, Plaintiff filed a *Motion for Partial Summary Judgment re Coverage for Lightning* ("Plaintiff's Second Motion"). ECF No. 132. On that same day, Defendant also filed a *Motion for Partial Summary Judgment* ("Defendant's Second Motion"). ECF No. 134. On March 20, 2023, the district court issued its *Order (1) Denying [Plaintiff's Second Motion] and (2) Granting in Part and Denying in Part [Defendant's Second Motion]*. ECF No. 201. The district court found that Plaintiff may not "seek damages for the alleged diminution in value in the sale of his property" and "'loss of use' damages[.]" ECF No. 201 at PageID.3022-3023.

On March 30, 2023, Plaintiff filed a *Motion for Reconsideration of Order (1) Denying Plaintiff's Motion for Partial Summary Judgment and (2) Granting in Part and Denying in Part [Defendant's] Motion for Partial Summary Judgment [Dkt. No. 201]* ("Motion for Reconsideration"). ECF No. 205. On May 12, 2023, the district court granted in part and denied in part the *Motion for Reconsideration*. ECF No. 296.

Jury trial in this case commenced on May 30, 2023. ECF No. 320. The jury reached a verdict on June 14, 2023. ECF No. 349. The jury did not find that Defendant breached its duty to pay benefits owed under the insurance policy. ECF No. 350. The jury found that Plaintiff failed to prove that any benefits were owed under the insurance policy and that Plaintiff failed to prove that any damages

3

should be awarded for the conversion of the gate operator. *Id*. However, the jury found that Defendant acted in bad faith but that Plaintiff failed to prove that Defendant's bad faith caused damaged to Plaintiff. *Id*.

On June 16, 2023, the Clerk's Office entered a *Judgment in a Civil Case* ("Judgment"). ECF No. 360. On June 30, 2023, Defendant timely filed the *Bill of Costs* currently before the Court. ECF No. 361. On July 13, 2023, Plaintiff filed a *Notice of Appeal from a Judgment or Order of a United States District Court*. ECF No. 364.

## DISCUSSION

### A. Effect of the Appeal

Before deciding whether to tax costs, the issue of the pending appeal should be addressed. "The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." *Cont'l Pac., LLC v. DuBuclet*, Civ. No. 22-00102 HG-KJM, 2022 WL 3328595, at *2 (D. Haw. July 15, 2022), *report and recommendation adopted as modified*, Civ. No. 22-00102 HG-KJM, 2022 WL 3311511 (D. Haw. Aug. 11, 2022) (quoting *Akina v. Hawaii*, 141 F. Supp. 3d 1106, 1113 n.4 (D. Haw. 2015) (citation omitted). "The Court, however, has discretion to entertain motions for fees and costs, defer ruling, or deny the motions without prejudice to refile after the conclusion of the appeal." *Id.* (citation omitted). Based on the facts and history of this case, the Court finds it

appropriate to exercise its discretion to issue its findings and recommendation on the *Bill of Costs* without waiting for the appeal to conclude.  The Court begins with addressing whether Defendant met the requirements of Local Rule 54.1, which governs the taxation of costs.

### B. Meet and Confer Requirement Under the Local Rules

Local Rule 54.1(c) requires that counsel file an affidavit that "contain[s] a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs and the results of such a conference, or explain why the conference was not held."  Defendant states that "[p]ursuant to LR54.1(c), counsel for [Defendant] and counsel for [Plaintiff] met and conferred on June 28, 2023. ECF No. 361-1 at PageID.8850.  The *Declaration of Jason M. Tani*, which was filed attached to the *Bill of Costs* states, "[o]n June 28, 2023, the parties met and conferred by telephone regarding [Defendant's] claimed costs in an effort to resolve any disputes about the claimed costs, but they were unable to reach an agreement."  ECF No. 361-2 at PageID.8867.

Plaintiff, however, alleges that the parties did not meaningfully confer in that "there were no discussions regarding disputes about claimed costs because [Defendant] did not provide Plaintiff the information, or the time necessary, to have a meaningful conferral regarding those costs."  ECF No. 363 at PageID.9188. Plaintiff claims that the only attempt at a conferral was a "telephone call [that]

5

lasted three minutes." *Id*. (citation omitted).  In addition, Plaintiff claims that Defendant's counsel sent a 42-page "List of Expenses" totaling $120,110.17 at 10:10 a.m. Hawaii time (1:10 p.m. Pacific time) for the meet and confer that was scheduled at 11:00 a.m. Hawaii time (2:00 p.m. Pacific time) that same day.  *Id*. at 9187-9188.

Understandably, Plaintiff's counsel claims that he did not have the opportunity to review the spreadsheet before the scheduled meet and confer and informed Defendant's counsel that he was not prepared to discuss the costs in any detail.  *Id*. at 9188.  In the *Declaration of Daniel K. Reising* ("Reising Declaration") in support of [the *Objections*], Plaintiff's counsel claims that "[t]here was no substantive discussion on the call regarding any of [Defendant's] claimed costs."  ECF No. 363-1 at PageID.9206.  Plaintiff argues that Defendant's failure to comply with the conferral requirement should be deemed a waiver of costs under LR54.1(a).  Under this rule, "[n]on-compliance with any provision of LR54.1 shall be deemed a waiver of costs."  LR54.1(a).  Indeed, a three-minute discussion about not being able to discuss the taxation of costs does not constitute the type of conference contemplated by LR54.1(c).

The parties allege conflicting information about the telephone conference held on June 28, 2023.  However, the Court notes that Defendant's description of the telephone conference is vague, echoes the language of Local Rule 54.1(c) and

6

is devoid of any information regarding the disagreements or discussions that occurred on that day. On the other hand, Plaintiff's counsel provided the email showing the parties agreed to have a meet and confer on June 28, 2023 at 11:00 a.m. Hawaii time (2:00 p.m. Pacific time) to discuss the *Bill of Costs*. ECF No. 363-2. Plaintiff's counsel also provided the email sent at 10:10 a.m. Hawaii time (1:10 p.m. Pacific time) from the office of Defendant's counsel to Plaintiff's attorneys on the day of the conference with the list of expenses. ECF No. 363-3. These exhibits to the *Objections* substantiate Plaintiff's claim that the Defendant did not comply with the meet and confer requirements of Local Rule 54.1. Plaintiff's allegations are also supported by the *Reising Declaration*. Based on these facts, the Court finds Plaintiff credible. The Court finds that Defendant failed to comply with Local Rule 54.1(c) and that such non-compliance constitutes a waiver of costs under Local Rule 54.1(a).

### C. **Defendant is the Prevailing Party**

Although the Court finds that the Defendant has waived its taxable costs under LR54.1(a), the Court also finds that despite being the prevailing party in this case, Defendant's request for taxable costs should be denied based on Defendant's misconduct. The Court first addresses whether Defendant is the prevailing party and shall then explain its rationale in denying costs. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P"), "costs—other than attorney's

7

fees—should be allowed to the prevailing party." This rule "creates a presumption in favor of awarding costs to prevailing parties[.]" *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The losing party has the burden of demonstrating that costs should not be awarded. *Id*. "[T]he trial judge has wide discretion in awarding costs under Rule 54(d) and may deny costs to the prevailing party in its discretion provided the court indicates its reasons." *Mau v. Mitsunaga & Assocs., Inc.*, Civ. No. 12-00468 DKW-BMK, 2014 WL 5593834, at *2 (D. Haw. Nov. 3, 2014), *aff'd*, 742 F. App'x 279 (9th Cir. 2018) (citing *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969)) (citations omitted).

The parties, however, disagree that Defendant is the prevailing party. The term "prevailing party" is a legal term of art. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). The Supreme Court has defined prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages . . . [and] is one who has been awarded some relief by the court . . . " *Id*. (citing Black's Law Dictionary 1145 (7th ed. 1999)). "Thus, 'enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award[.]'" The Ninth Circuit has applied the definition of "prevailing party" used in *Buckhannon* to define "prevailing party" status under Rule 54(d)(1). *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003).

8

The Ninth Circuit has also stated that "[a] party 'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the [opposing party's] behavior in a way that directly benefits the [party]." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).  The Supreme Court has explained that "[n]o material alteration of the legal relationship occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant."  *Id*.

One issue that is clear is that Plaintiff is not the prevailing party nor does Plaintiff claim to be the prevailing party.  The question that remains is whether Defendant is the prevailing party.  Defendant claims it is the prevailing party because "[a]ll three claims were adjudicated on their merits . . . [and Plaintiff] did not obtain relief under any of the three counts."  ECF No. 361-1 at PageID.8851.  Defendant points out that Plaintiff failed to establish Count I and failed to establish damages under Counts II and III.  *Id*. at 8852.  The Defendant claims because Plaintiff was not awarded any damages, "[Plaintiff] failed to materially alter the legal relationship" and "without an award of damages, there is no judicial imprimatur directing [Defendant] to do something it otherwise did not have to do."  *Id.*  (citation omitted).  Defendant argues "[Plaintiff is thus] not the 'prevailing

9

party' because he was ultimately awarded zero damages in this litigation." *Id*. (citation omitted).

Plaintiff argues that Defendant is not the prevailing party because Defendant has not obtained judgment in its favor. In particular, Plaintiff claims that the form used in the Clerk's *Judgment* is not the form typically used in identifying a prevailing party and because the *Judgment* fails to indicate that either of the parties prevailed in this case, Defendant has not obtained judgment in its favor and is not the prevailing party. ECF No. 363 at PageID.9184-9185. The Court notes that the type of form used by the Clerk's Office is not determinative of whether a party is the prevailing party simply because the form omits identifying the prevailing party. The *Judgment* accurately lists the claims on which each party prevailed, and in the case where the plaintiff and defendant have both prevailed on certain issues or claims, the court determines whether a prevailing party exists and if so, the Court identifies the prevailing party.

Plaintiff also claims that both litigants can "claim some success" and that the court should find that there was no prevailing party in this case. *Id.* at 9184. Plaintiff claims that it "prevailed, at least in part, on both the failure to pay benefits under the policy claim pled in *Count I*, . . . the bad faith claim pled in Count II . . . and the conversion claim pled in Count III." *Id.* at 9187. Plaintiff points out that "[t]he question [then] becomes whether the jury's decision not to award damages

10

renders Liberty the prevailing party . . ." *Id*. However, Plaintiff fails to provide any argument in support of its conclusory argument that "[t]he simple answer is no" to this question. *Id*.

      The Court finds that the Defendant is the prevailing party in this case. Plaintiff is correct in that it prevailed on some issues such as its bad faith and conversion claim. However, this is not a situation where there is no prevailing party. "Typically, a determination of no prevailing party results when . . . the ostensibly prevailing party receives only a part of the relief sought. In other words, the judgment is considered good news and bad news as to each of the parties." *Mau v. Mitsunaga & Assocs., Inc.*, Civ. No. 12-00468 DKW-BMK, 2014 WL 5593834, at *2 (D. Haw. Nov. 3, 2014), *aff'd*, 742 F. App'x 279 (9th Cir. 2018) (citations omitted). In other words, if "both parties prevailed on some claims and lost some claims, . . . [then] the 'results are sufficiently mixed such that no party clearly prevailed.'" *Id*. (citation omitted). In this case, the issues that Plaintiff prevailed upon are of no financial consequence to the Defendant. While certainly being culpable of acting in bad faith and engaging in conversion is not desirable, this is not necessarily bad news to the Defendant, especially where the *Judgment* does not impose any financial consequence.

### D. <u>The Objection to the Bill of Costs Should be Sustained</u>

Even though the Court finds that the Defendant is the prevailing party, "the Court has the discretion to deny costs to a prevailing party as long as the Court indicates its reasons. *Mau v. Mitsunaga & Assocs., Inc.*, Civ. No. 12-00468 DKW, 2014 WL 5593834, at *2–3 (D. Haw. Nov. 3, 2014), aff'd, 742 F. App'x 279 (9th Cir. 2018) (citing *Yasui v. Maui Elec. Co.,* 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999)). "A trial court does not abuse its discretion when it declines to tax costs based on the complexity of the case, the conduct of discovery, and limited relief awarded to the prevailing party." *Id.* (citing *K–S–H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54, 60 (9th Cir. 1969), cert. denied, 369 U.S. 825 (1969)) (citation omitted). Further, the Ninth Circuit has held,

> When deciding whether to award costs, the district court may consider: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect on future civil rights litigants of imposing high costs; (4) the public importance of the issues in the case; (5) the closeness and difficulty of the issues in the case; and (6) the merit of the plaintiff's case.

*Dawkins v. City & County. of Honolulu*, Civ. No. 10-00086 HG-KSC, 2012 WL 1536111, at *3 (D. Haw. Apr. 27, 2012) (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000)).

In this case, even though the Defendant is the prevailing party, the Court cannot find that the taxing of costs is appropriate. Although Plaintiff was not able

12

to establish that he is entitled to damages, the jury had determined that the Defendant acted in bad faith. ECF No. 350 at pageID.8782. Moreover, as explained previously, the Court found that Defendant was not forthright about failing to comply with the meet and confer requirement set forth under Local Rule 54.1. *See supra* Part B. Accordingly, the Court finds it equitable and proper to deny the *Bill of Costs* given Defendant's conduct. *See Mau*, 2014 WL 5593834, at *3. Because the Court has found that costs should not be taxed because of Defendant's conduct and noncompliance with Local Rule 54., the Court shall not address the issue of whether the requested costs are taxable versus non-taxable.

## CONCLUSION

The Court **FINDS** that costs should not be taxed because (1) Defendant waived its costs and (2) the Court exercises its discretion to find that the taxing of costs would not be equitable given Defendant's conduct.

//

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 31, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00390 DKW-RT; *Shawn D. Privratsky vs. Liberty Mutual Fire Insurance Company*; Findings and Recommendation to Deny Defendant Liberty Mutual Fire Insurance Company's Bill of Costs