IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHAWN D. PRIVRATSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 21-cv-00390-DKW-RT<br><br>**ORDER OVERRULING OBJECTIONS TO FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Pending before the Court are Defendant Liberty Mutual Fire Insurance Company's (Defendant or Liberty) objections to the Findings & Recommendation (F&R) of the assigned U.S. Magistrate Judge to deny Liberty's Bill of Costs. Among other things, the Magistrate Judge denied the Bill of Costs after finding that Liberty failed to meaningfully meet-and-confer in an effort to resolve any disputes about the claimed costs, as required by Local Rule 54.1(c). In its objections, Liberty argues, *inter alia*, that the Magistrate Judge should not have found that it failed to engage in a good faith meet-and-confer conference regarding its proposed Bill of Costs or that this alleged failure was cause to deny the same.

Having reviewed the parties' briefing and the record generally, the Court disagrees with Liberty that the F&R should not be adopted on the ground that

---

[1] Pursuant to Local Rule 7.1(c) & (d), the Court elects to decide this matter without a hearing.

Liberty failed to meet-and-confer consistent with Local Rule 54.1. Notably, as the Magistrate Judge found, the record shows that, despite needing to meet and *confer* about its claimed costs, it was not until slightly less than an hour before said meeting, that Liberty decided to provide counsel for Plaintiff with any documentation supporting the claimed costs. The fact that Plaintiff's counsel was unable to meaningfully discuss the claimed costs is, thus, hardly earth-shattering, given that, at that time, Liberty was claiming in excess of $120,000 in costs. Therefore, for the reasons more fully discussed below, Liberty's objections, Dkt. No. 395, are OVERRULED, the F&R, Dkt. No. 388, is ADOPTED, and the Bill of Costs, Dkt. No. 361, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND[2]

On June 14, 2023, a jury returned a Special Verdict, finding that (1) Plaintiff Shawn Privratsky (Plaintiff or Privratsky) had not proven Liberty's breach of a duty to pay benefits under the parties' insurance policy, (2) Plaintiff had nonetheless proven Liberty acted in bad faith, and (3) Plaintiff had not proven Liberty's bad faith caused him damage. Dkt. No. 350. On June 16, 2023, the Clerk of Court entered Judgment. Dkt. No. 360.

---

[2]The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, only sets forth the background necessary for an understanding of the instant issue.

Two weeks later, on June 30, 2023, Liberty filed a Bill of Costs, seeking $80,069.86 in taxable costs. Dkt. No. 361.[3] On July 7, 2023, Privratsky filed an objection to the Bill of Costs. Dkt. No. 363.

On August 31, 2023, the Magistrate Judge entered the F&R, denying Liberty's Bill of Costs. Dkt. No. 388. The Magistrate Judge did so because (1) procedurally, Liberty failed to meet-and-confer in compliance with Local Rule 54.1, and (2) on the merits, (a) the jury found that Liberty engaged in bad faith and (b) Liberty had not been "forthright" about failing to meet-and-confer under Local Rule 54.1.

On September 14, 2023, Liberty filed a motion for reconsideration of the F&R. Dkt. No. 392. On October 30, 2023, the Magistrate Judge denied the motion for reconsideration. Dkt. No. 394. Therein, the Magistrate Judge once again found that Liberty had failed to comply with Local Rule 54.1 and that Liberty's conduct (both its own and that of its counsel) warranted denying the Bill of Costs on the merits.

On October 31, 2023, Liberty filed the instant objections to the F&R, challenging the Magistrate Judge's findings that Liberty failed to comply with

---

[3]On the same day, Liberty also filed an Errata, correcting certain exhibits filed in support of the Bill of Costs. Dkt. No. 362.

3

Local Rule 54.1 and that the Bill of Costs should be denied on the merits.  Dkt. No. 395.  On November 14, 2023, Privratsky filed a response to Liberty's objections.  Dkt. No. 396.

This Order now follows.

## STANDARD OF REVIEW

Pursuant to Section 636(b)(1)(A) of Title 28 of the United States Code, with certain exceptions not applicable here, a district court may reconsider the decision of a Magistrate Judge on a *pretrial* matter only when the decision is clearly erroneous or contrary to law.  Otherwise, pursuant to 28 U.S.C. Section 636(b)(1)(B), a district court may refer a matter to a Magistrate Judge for findings and recommendations.  The court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(B).[4]

## DISCUSSION

Liberty challenges the Magistrate Judge's denial of the Bill of Costs on procedural grounds under Local Rule 54.1 and the alternative denial on the merits.

---

[4] Here, because the Court does not find any error, even under de novo review, in the Magistrate Judge's finding with respect to Liberty's failure to comply with Local Rule 54.1, it is unnecessary to decide whether the Bill of Costs, which was filed *post*-trial, is a *pre*-trial matter to which the clearly erroneous standard of review applies.

4

Nonetheless, because it is dispositive, the Court addresses only Liberty's procedural objection.

First, Liberty argues that it complied with Local Rule 54.1. More specifically, Liberty asserts that, on June 26, 2023, it reached out to Plaintiff's counsel to schedule a conferral on its Bill of Costs, the meeting was scheduled for June 28, 2023, Liberty's counsel provided a "summary of the costs" in an "easily-understandable format" to Plaintiff's counsel, even though, according to Liberty, Local Rule 54.1 did not require it to do so, Liberty offered to reschedule the meeting after it "became apparent" Plaintiff's counsel would not engage in meaningful discussions, and Liberty "had to file" the Bill of Costs by June 30, 2023. Dkt. No. 395-1 at 7-9.

The Court disagrees with the picture Liberty attempts to paint for several reasons. First, the premise that Liberty "had to file" the Bill of Costs by June 30, 2023 is simply wrong. Local Rule 54.1 has no such mandatory language. Instead, the rule provides that, "[u]nless otherwise ordered by the court," a bill of costs must be filed within 14 days of Judgment. Local Rule 54.1(b). In other words, just like Liberty subsequently did with respect to its motion for attorney's fees, *see* Dkt. Nos. 368-369, Liberty could have either stipulated with Privratsky to an extension of Local Rule 54.1's requirements or, alternatively, moved the Court

5

for such an extension. Liberty, however, did neither. Instead, the record reflects that Liberty proceeded to create an entirely avoidable time-jam by self-imposing a hard deadline on its meet-and-confer discussions.

A further faulty premise to Liberty's objections is the assertion that they were under no obligation to provide Plaintiff's counsel with the "summary of costs" or, apparently, any documentation to support their roughly $120,000 Bill of Costs demand because Local Rule 54.1 does not expressly require any such thing. This is inaccurate. Local Rule 54.1(c) expressly requires the parties to meet-*and-confer* "in an effort to resolve any disputes about the claimed costs…." Implicit in this conferral requirement is that the side claiming costs provide its adversary with the means with which to meaningfully confer.[5] Here, Liberty chose to use a "summary of costs" to facilitate the conferral. Another party may opt to use some other form of documentation -- for example, the provision of supporting invoices or a different version of Liberty's "summary." The point is that, while the Court agrees that there is no express requirement for a party to provide a "42-page" "easily-understandable" summary of costs, there is a requirement for the parties to

---

[5]Put another way, it would be difficult for the parties to resolve disputes if the side claiming costs provided its adversary with *no* supporting documentation for the costs claimed, as Liberty appears to contend. In Liberty's world, it appears enough for it to simply state a cost and a dollar amount – that would rarely alone provide the basis for a meaningful conferral and certainly does not do so here.

confer, and a conference, particularly on a subject like the matter of costs, cannot take place in a vacuum, which is what Liberty's position would produce.

Once these erroneous premises are removed, Liberty's remaining assertions lose any force. Specifically, Liberty contends that, after it "became apparent" that Plaintiff's counsel would not engage in "meaningful discussions", Liberty offered to "reschedule" the conferral.  Dkt. No. 395-1 at 9.  Liberty's declaration of counsel, however, reflects that the alleged offer to reschedule the conferral was limited to "the next day", *i.e.*, June 29—a day that the parties appear to agree that Plaintiff's counsel was preparing for a deposition in another matter.  *See* Dkt. No. 395-2 at ¶¶ 20-21.  In other words, because Liberty self-imposed a hard filing deadline of June 30 upon itself, the offer to reschedule was confined to a day Plaintiff's counsel could not confer—this is not a reasonable offer to reschedule the conferral.  Moreover, although Liberty conveniently now asserts that it would have stipulated to "additional time to review" its summary of costs, counsel fails to suggest that this inclination was ever conveyed to Plaintiff's counsel.  *See id*. at ¶ 22.  Finally, as discussed further below, although Liberty's counsel believes that it was "apparent" Plaintiff's counsel would not engage in "meaningful discussions" regarding the Bill of Costs, at the very least, this is hardly surprising given it is

7

undisputed that counsel was not provided with the 42-page summary until approximately an hour before the meeting.

In this light, the Court agrees with the Magistrate Judge that Liberty failed to comply with Local Rule 54.1(c).

Second, Liberty argues that, even if it failed to comply with Local Rule 54.1(c), this was "excusable" because conferral was "futile given Privratsky's position that Liberty was not the prevailing party and counsel's refusal to confer further." Dkt. No. 395-1 at 10-12. This argument is premised upon Liberty's assertions that Plaintiff's counsel held an "unwavering position" that Liberty was not the prevailing party in this case, Plaintiff's counsel's "demeanor", and Plaintiff's counsel's refusal to "further interact" on any specific costs. *Id*. In other words, Plaintiff's counsel was at fault for the failure to confer. The record supports no such accusation, however. In fact, not even Liberty's declaration of counsel provides such support. Therein, Liberty's counsel states that Plaintiff's counsel's positions during the meeting were (1) Liberty was not the prevailing party and thus not entitled to costs, (2) he was busy preparing for a deposition the next day, and (3) he did not have time to review the summary of costs. Notably, missing from Plaintiff's counsel's purported positions is the one that he would not "interact" with Liberty on any specific cost because Liberty was not a prevailing

8

party. Instead, at most, Liberty's counsel's declaration supports the suggestion that Plaintiff's counsel would not further interact on June 28 (or June 29) because he was *preparing for a deposition*—not because he simply could not countenance further discussion. As for Liberty's counsel's reliance on Plaintiff's counsel's "demeanor", the Court rejects any contention that Liberty's subjective reading of someone's demeanor on a *telephone call* could support a finding of futility, as Liberty suggests.

The Court rejects Liberty's argument that the meet-and-confer process under Local Rule 54.1(c) was futile. As a result, the Court OVERRULES Liberty's objections to the F&R, Dkt. No. 395, and ADOPTS the Magistrate Judge's recommendation to deny the Bill of Costs for failure to comply with Local Rule 54.1(c).

## CONCLUSION

For the reasons set forth herein, Liberty's objections, Dkt. No. 395, are OVERRULED, the F&R, Dkt. No. 388, is ADOPTED, and Liberty's Bill of Costs, Dkt. No. 361, is DENIED.

IT IS SO ORDERED.

Dated: December 18, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

9