IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHAWN D. PRIVRATSKY,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | Case No. 21-cv-00390-DKW-RT<br><br>**ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE, (2) OVERRULING WITHOUT PREJUDICE DEFENDANT'S OBJECTION TO THE SAME, AND (3) REMANDING FOR FURTHER CONSIDERATION OF CERTAIN ISSUES**[1] |

Pending before the Court are (1) Defendant Liberty Mutual Fire Insurance Company's (Defendant or Liberty) objection, and (2) Plaintiff Shawn Privratsky's (Plaintiff or Privratsky) objections to the February 6, 2024 Findings & Recommendation (F&R) of the assigned U.S. Magistrate Judge to grant in part and deny in part Liberty's motion for attorneys' fees (motion). Liberty, in one instance, and Privratsky, in numerous instances, raise objections to the Magistrate Judge's ultimate decision to recommend awarding Liberty $308,358.25 in fees.

Upon review of the objections and the record generally, the Court finds that the facts underlying Privratsky's claim of bad faith (Count 2) do not necessarily "overlap" with his claim for failure to pay insurance benefits due (Count 1), as

---

[1] Pursuant to Local Rule 7.1(c) & (d), the Court elects to decide this matter without a hearing.

found in the F&R.  This finding has the potential to affect the Magistrate Judge's recommendation in two material respects: (1) whether this action is "in the nature of assumpsit"; and (2) whether Count 1, an assumpsit claim, is "inextricably intertwined" with Count 2, a non-assumpsit claim.  The Court makes no findings with respect to either of these issues and refers the same to the Magistrate Judge for consideration in light of the Court's finding below that the facts underlying Count 2 are, at least in part, entirely different than the ones underlying Count 1.  As for the remaining objections raised by the parties, as more fully discussed below, the Court addresses certain of the same and declines to address others to the extent they may be obviated or altered by the issues remanded to the Magistrate Judge.

## RELEVANT PROCEDURAL BACKGROUND[2]

On September 16, 2021, Privratsky filed a Complaint against Liberty, raising three claims.  Dkt. No. 1.  The first claim, titled in the Complaint as for "Declaratory Judgment", alleged Privratsky had suffered damage to his home, the damage was covered under an insurance policy with Liberty, and Liberty had refused to pay benefits due thereunder.  The second claim, for "Breach of the

---

[2]The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, only sets forth the background necessary for an understanding of the instant issues.

2

Implied Covenant of Good Faith and Fair Dealing", alleged Liberty had breached its duty of good faith by, *inter alia*, failing to conduct a reasonable investigation of Privratsky's claim for insurance benefits and denying the same. The final claim, for "Conversion", alleged Liberty had assumed ownership of Privratsky's personal property, including a gate operator, without his consent.

After much contested litigation, on June 14, 2023, a jury returned a Special Verdict, finding that (1) Privratsky had not proven Liberty's breach of a duty to pay benefits under the parties' insurance policy, (2) Privratsky had nonetheless proven Liberty acted in bad faith, (3) Privratsky had not proven Liberty's bad faith caused him damage, and (4) Privratsky should not be awarded any damages for the conversion of his gate operator. Dkt. No. 350. On June 16, 2023, the Clerk of Court entered Judgment. Dkt. No. 360.

On August 25, 2023, Liberty filed a motion for attorneys' fees, Dkt. No. 385, arguing, *inter alia*, that it was the "prevailing party" in this action, this case was "in the nature of assumpsit" pursuant to Haw. Rev. Stat. (HRS) Section 607-14, Privratsky's claims were inextricably intertwined, and Liberty was entitled to $650,777.67 in attorneys' fees under a "fee cap" imposed by Section 607-14.

On September 1, 2023, Privratsky filed an opposition to the motion, Dkt. No. 390, arguing, *inter alia*, Liberty's "bad faith" "negates its request for

3

attorneys' fees, Liberty failed to confer regarding its attorneys' fees in compliance with Local Rule 54.2, this action was not in the nature of assumpsit, the fees were "apportionable" between assumpsit and non-assumpsit claims, and the fees were excessive.

After Liberty filed a reply, Dkt. No. 391, on February 6, 2024, the assigned Magistrate Judge entered the instant F&R, Dkt. No. 404. Among other things, the Magistrate Judge found that (1) there was a "meaningful" meet-and-confer process in compliance with Local Rule 54.2, (2) Liberty was the prevailing party in this action, (3) this case was in the nature of assumpsit, (4) while Count 1 and Count 2 were inextricably intertwined and could not be practically apportioned, fees incurred on the conversion claim could be apportioned, (5) after careful consideration, the reasonable attorneys' fees amount was $1,106,847.88, but (6) due to Section 607-14's limitation on fees, Liberty was at most entitled to $308,358.25, and (7) Privratsky had failed to establish Liberty acted in bad faith during this litigation. As a result, the Magistrate Judge recommended granting in part and denying in part the motion and awarding Liberty $308,358.25.

On February 20, 2024, both parties filed objections to the F&R. Liberty objected on one ground, arguing that the Magistrate Judge erred in failing to include $236,667.67 in "loss of use" damages when calculating Section 607-14's

limitation on fees. Dkt. No. 405. Privratsky, meanwhile, objected on numerous grounds. Dkt. No. 406. First, Privratsky objected to the Magistrate Judge's failure to address his argument that Section 607-14 does not apply. Second, he objected to the finding that Count 1 is in the nature of assumpsit. Third, Privratsky objected to the finding that Liberty complied with Local Rule 54.2. Fourth, he objected to the Magistrate Judge failing to conclude that Liberty's bad faith negated its request for attorneys' fees. Fifth, Privratsky objected to the finding that Count 2 was premised on Liberty's failure to pay policy benefits. Sixth, he objected to the Magistrate Judge's failure to apportion fees between Count 1 and Count 2. Seventh, Privratsky objected to the Magistrate Judge's reductions in Liberty's request as being "too generous…." Eighth, he objected to the extent the Magistrate Judge may have included costs and excise tax in any fee award. Ninth, Privratsky objected to the Magistrate Judge's purported failure to consider "self-imposed" fees. Finally, tenth, he objected to the finding that Liberty's bad faith litigation tactics were not established.

Both parties also filed responses to their opponents' objections. Dkt. No. 407-409.[3] This Order now follows.

---

[3] Not done, Privratsky further sought to file a reply. Dkt. No. 410. That request was denied. Dkt. No. 411.

## STANDARD OF REVIEW

Pursuant to Section 636(b)(1)(A) of Title 28 of the United States Code, with certain exceptions not applicable here, a district court may reconsider the decision of a Magistrate Judge on a *pretrial* matter only when the decision is clearly erroneous or contrary to law. Otherwise, pursuant to 28 U.S.C. Section 636(b)(1)(B), a district court may refer a matter to a Magistrate Judge for findings and recommendations. The court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B).[4]

## DISCUSSION

For the reasons discussed further below, the Court finds that the principal facts or issues underlying Count 2 were not dependent upon the facts or issues underlying Count 1. This has the potential to affect the F&R in two respects. First, it may affect the grounds upon which the Magistrate Judge determined that this case was in the nature of assumpsit. Second, it may affect the grounds upon which the Magistrate Judge determined that Counts 1 and 2 were inextricably intertwined and, thus, fees related to those claims could not be apportioned. The

---

[4]Because the Court's findings herein do not turn on the standard of review to apply, it is unnecessary to decide whether the motion for attorneys' fees, which was filed *post*-trial, is nonetheless a *pre*-trial matter to which the clearly erroneous standard of review applies.

Court, therefore, refers both of these matters to the Magistrate Judge for further consideration, consistent with the findings below. To the extent other objections raised by the parties may be affected by the Magistrate Judge's further review, the Court does not address them at this time.[5] The remaining objections are addressed and rejected below.

The F&R states that "the principal issue underlying Count II is dependent upon the main issue in Count I, whether the Defendant breached its contract by failing to pay under the policy." Dkt. No. 404 at 10. The Complaint and the ensuing litigation, including trial, however, do not support this conclusion. Certainly, Count 2, at least in part, relied on similar facts as Count 1, such as the denial of and failure to pay insurance benefits. Count 2, though, was also based upon more than just the failure to pay insurance benefits. Specifically, the Complaint alleged Liberty breached the covenant of good faith (Count 2) by, *inter alia*, "failing to conduct a reasonable and thorough *investigation* of the facts…." Compl. at ¶ 45(b) (emphasis added). The Complaint further lists other alleged conduct that relates to the *investigation* of Privratsky's claim, such as the "[r]eassigning" of adjusters. *Id*. at ¶ 45(c). The *investigation* of Privratsky's

---

[5]Specifically, the Court does not address herein Liberty's sole objection or Privratsky's seventh, eighth, and ninth objections, as described above. The same are overruled without prejudice to their reassertion once the Magistrate Judge's order on remand is issued.

claim was irrelevant to Count 1. In addition, by the time of trial, the Jury Instructions were consistent with the description above. Dkt. No. 346 at 23 (Jury Instruction No. 22 providing that Privratsky must prove, *inter alia*, that Liberty "unreasonably investigated or handled the claim, or it unreasonably failed to pay policy benefits[.]"). Therefore, while *an* issue in Count 2 was similar to or overlapped with Count 1, the *principal* issue in Count 2 cannot be said to have been *dependent* upon Count 1.[6]

The contrary finding in the F&R contributed to the Magistrate Judge's findings in two areas. First, although the parties agreed that Counts 2 and 3 of the Complaint were not in the nature of assumpsit, the Magistrate Judge found that the *case* was in the nature of assumpsit because Count 1 was of such nature and because of the "overlap of facts" between Counts 1 and 2. Dkt. No. 404 at 13-14 & n.1. As discussed above, while there was a degree of similarity between the facts alleged in Counts 1 and 2, there was also a degree of dissimilarity—a degree that does not appear to have been considered in the F&R in determining whether this *case* (rather than solely Count 1) was in the nature of assumpsit. The Court, therefore, remands this issue to the Magistrate Judge for reconsideration. In doing

---

[6]This is also supported by the fact that the jury determined that Privratsky failed to prove Count 1, but had proven Liberty acted in bad faith.

8

so, nothing herein should be construed as a finding with respect to the same. The Court notes, however, the Hawaiʻi Supreme Court has explained that "[t]he character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought[,]" and, "[w]here there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." *Blair v. Ing*, 31 P.3d 184, 189 (Haw. 2001).

Second, the Magistrate Judge further found that due to the "overlap" in the factual allegations between Counts 1 and 2, those claims were "inextricably intertwined", such that apportioning fees between them was not practicable. Dkt. No. 404 at 14. For similar reasons to those just discussed, this issue, if necessary following reconsideration of the first issue above, must also be reconsidered. Specifically, while there was a degree of similarity between the facts alleged in Counts 1 and 2, there was also a degree of dissimilarity−a degree that does not appear to have been considered in the F&R in determining whether Counts 1 and 2 were inextricably intertwined. In remanding this issue, again, nothing herein should be construed as a finding with respect to the same. The Court notes, however, that the Hawaiʻi Supreme Court has explained that, "in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a

9

court must base its award of fees, *if practicable*, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." *Blair*, 31 P.3d at 189 (emphasis in original). Thus, arguably, while it may not be practicable to apportion the entirety of the relevant attorneys' fees between Counts 1 and 2 due to any overlap in their facts, to the extent it is practicable to apportion even a portion of the attorneys' fees between Counts 1 and 2, the Court construes the Hawaiʻi Supreme Court as requiring the same.

This leaves a number of other arguments raised in the parties' objections to the F&R. As noted previously, the Court declines to address certain of those arguments because they may be rendered moot, or, at the very least, altered, by the reconsideration of the two issues set forth above. *Supra* n.5. Those arguments and objections may be reasserted at the appropriate time. As for the remaining objections, the Court addresses them, in turn, below, rejecting each.

First, Privratsky argues that the award of attorneys' fees in this case is controlled by Haw. Rev. Stat. Section 431-10-242, rather than Section 607-14. The language of Section 431-10-242 clearly reflects otherwise, however. Specifically, Section 431-10-242 applies "[w]here an insurer has contested its liability under a policy *and* is ordered by the courts to pay benefits under the policy…" (emphasis added). Here, while Liberty contested its liability, it has

never been ordered to *pay benefits under the policy*.  In fact, the jury here determined the exact opposite.  Therefore, this argument is rejected.

Second, Privratsky argues that the Magistrate Judge erred in concluding that *Count 1* was in the nature of assumpsit.  Dkt. No. 406 at 2-8.  The Court's opinion on this issue is well known by the parties because, during the trial, the Court determined that Count 1 sounded in the non-performance of a contract, Dkt. No. 376 at 127:13-129:15, which necessarily means that the *claim* is in the nature of assumpsit, *Blair*, 31 P.3d at 189.  Having reviewed the parties' post-trial briefing on this issue, including the instant objections, nothing therein has altered the Court's view that Count 1 sounds in the non-performance of a contract and was litigated as such throughout this action.[7]  The Court, therefore, does not find that the Magistrate Judge erred in this regard.

Third, in a single sentence, Privratsky objects to the finding that Liberty complied with its meet-and-confer obligations.  In doing so, however, Privratsky does not point to any specific error in the Magistrate Judge's finding, as required.

---

[7] The Court further disagrees with Privratsky's argument that his proposed jury instructions and verdict form were consistent with 28 U.S.C. § 2202—the federal declaratory judgment provision. *See* Dkt. No. 406 at 6.  Section 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  Here, Privratsky not only sought "further relief" *prior to* a declaratory judgment or decree being granted, he sought it against a party that had not been (and *never* would be) found adverse with respect to Count 1.

11

Local Rule 74.1(a).  Instead, Privratsky simply asks the Court to review his opposition to the motion for attorneys' fees.  Dkt. No. 406 at 8.  The Court declines to essentially do the work required of counsel.  Since Privratsky's opposition brief was filed before the F&R, it is not possible for the brief to identify any specific way in which the Magistrate Judge erred, much less identify what portion of the F&R to which objection is made.  Therefore, this argument is rejected.

Fourth, Privratsky objects to the Magistrate Judge not concluding that the jury's finding of bad faith negates Liberty's request for attorneys' fees.  Dkt. No. 406 at 8-9.  The Court disagrees.  Put simply, even if the Court was willing to consider, in an appropriate case, whether bad faith could "negate" an otherwise valid request for attorneys' fees, something that does not appear supported by any *Hawai'i* law, this would not be that case.  At best, the case law Privratsky cites reflects that this is a *discretionary* decision for the Court, and, here, nothing about this case, including the jury's determination that Privratsky suffered no damages from Liberty's bad faith or the parties' inability to agree on virtually anything, warrants "negating" the motion for attorneys' fees on the ground of bad faith.[8]

---

[8] The Court similarly rejects Privratsky's tenth objection to the F&R related to Liberty's so-called "bad faith litigation tactics."  *See* Dkt. No. 406 at 12-13.

## CONCLUSION

For the reasons set forth herein, Privratsky's objections to the F&R, Dkt. No. 406, are: (1) SUSTAINED IN PART with respect to the fifth and sixth objections and REMANDED to the Magistrate Judge to the extent set forth herein; (2) OVERRULED WITH PREJUDICE as to the first, second, third, fourth, and tenth objections; and (3) OVERRULED WITHOUT PREJUDICE as to the seventh, eighth, and ninth objections.   Liberty's objection to the F&R, Dkt. No. 405, is OVERRULED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 25, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

*Shawn D. Privratsky v. Liberty Mutual Fire Insurance Company*; Civ. 21-00390 DKW-RT; **ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE, (2) OVERRULING WITHOUT PREJUDICE DEFENDANT'S OBJECTION TO THE SAME, AND (3) REMANDING FOR FURTHER CONSIDERATION OF CERTAIN ISSUES**